**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter A McMillan, | No. CV-22-00174-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Justice, et al., | |
| Defendants. | |

Plaintiff formerly worked for the United States Drug Enforcement Administration ("DEA"). Plaintiff alleges that he was "constructively discharged" from the DEA and brings claims for violations of (1) his constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), (2) the Uniformed Services Employment Rights Act ("USERRA"), (3) the Privacy Act, and (4) the Freedom of Information Act ("FOIA"). This is the fourth case Plaintiff has filed in this District related to the circumstances surrounding his separation from the DEA. *See McMillan v. Lavigne et al.*, Case No. 2:20-cv-02397-JJT; *McMillan v. Garland et al.*, Case No. 2:21-cv-00911-SPL; *McMillan v. Garland et al.*, Case No. 2:21-cv-01036-SPL. Those prior cases all were dismissed. At issue is Defendants' motion to dismiss this case (Doc. 62), which is fully briefed (Docs. 63, 67) and will be granted.

## I.    Personal Jurisdiction

The Court begins with personal jurisdiction. Among the litany of defendants Plaintiff has named in this lawsuit are the following 21 non-resident individuals: Matthew

Donahue (Virginia), Preston Grubbs (Virginia), James Doby (Florida), Reinaldo Lopez (Washington), Gregory Calam (Virginia), Brook DuBois (Maryland), William Hughes (Virginia), Leslie Schumacher (Virginia), Robert DiBella (Washington, D.C.), Marcia Tiersky (Virginia), Patrick Boulay (Virginia), Patricia Sykes (Virginia), Timothy Crowley (New Jersey), William Torrans (Virginia), Lucius Drawhorn (Oklahoma), Rebecca Klein (California), Maarla Milligan (Michigan), Rachel Bailey (Washington), Vincent DeMedici (Pennsylvania), Nancy Ise (California), and Patrick Forrest (Maryland). Defendants argue the Court lacks personal jurisdiction over these non-resident individuals, and the Court agrees.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To do so, the plaintiff must show both that the forum state's long-arm statute confers jurisdiction over the non-resident defendant and that the exercise of jurisdiction comports with due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Where, as here, the state's long-arm statute confers jurisdiction co-extensive with the limits of the due process clause, the two inquiries merge and the court need consider only whether the exercise of jurisdiction comports with due process. *Id.*; *Doe v. Am. Nat'l. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997); Ariz. R. Civ. P. 4.2(a). The exercise of jurisdiction comports with due process when the non-resident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted).

The Court's exercise of personal jurisdiction may take two forms: general jurisdiction and specific jurisdiction. *Davis v. Cranfield Aerospace Sols., Ltd.,* 71 F.4th 1154, 1161 (9th Cir. 2023). General jurisdiction requires the defendant to "engage in continuous and systematic" contacts in the forum state. *Schwarzenegger,* 374 F.3d at 801 (internal quotation and citation omitted). "This is an exacting standard, as it should be,

1  because a finding of general jurisdiction permits a defendant to be haled into court in the
2  forum state to answer for any of its activities anywhere in the world." *Id.* Plaintiff makes
3  no showing that these non-resident individuals engage in continuous and systematic
4  contacts with Arizona.
5        Specific jurisdiction is more limited and only appropriate when "the specific cause
6  of action arises out of a defendant's more limited contacts with the state." *Roth v. Garcia*
7  *Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). This Court uses the three-prong "minimum
8  contacts" test to determine whether specific personal jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs, and a failure to satisfy either is fatal. *Id.* But "[i]f the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotation and citation omitted). Plaintiff fails to allege facts showing that any of these non-resident individuals purposefully directed their activities here. Accordingly, the claims against these 21 individuals will be dismissed.

**II.   USERRA**

Defendants argue that the Court lacks jurisdiction over Plaintiff's USERRA claim. The Court agrees.

USERRA "prohibits employers, including federal agencies, from discriminating against employees on the basis of their military status." *Guli v. United States Attorney's Off. of the N. Dist. of California*, No. 3:15-CV-03307-LB, 2015 WL 7759488, at *3 (N.D.

Cal. Dec. 2, 2015) (citing 38 U.S.C. §§ 4311, 4324). To bring a USERRA claim against federal agencies, a plaintiff must submit a complaint to the Merit Systems Protection Board ("MSPB"), after which he may appeal to the United States Court of Appeals for the Federal Circuit if dissatisfied with the result. *Id.* (citing 38 U.S.C. § 4324). Plaintiff cannot bypass this process by filing his USERRA claim in this District. His USERRA claim therefore is dismissed for lack of subject-matter jurisdiction.

**III.    *Bivens***

Defendants argue that Plaintiff's *Bivens* claim is untimely and also not cognizable. The Court does not address the timeliness argument because it agrees that there is no cognizable *Bivens* claim here.

In *Bivens*, the Supreme Court held that a citizen whose Fourth Amendment rights were violated by a federal officer could sue for damages. 403 U.S. at 396-97. This marked the first time that the Supreme Court recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has extended *Bivens* only twice: first to a gender discrimination claim brought under the equal protection component of the Fifth Amendment's Due Process clause, and later to an Eighth Amendment violation by prison officials. *Davis v. Passman,* 442 U.S. 228, 248-49 (1979); *Carlson v. Green,* 446 U.S. 14, 24-25 (1980). "Since *Carlson*, however, the Supreme Court has consistently refused to extend *Bivens* liability to any new context or new category of defendants." *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1119 (9th Cir. 2009) (internal quotations and citation omitted). For example, the Supreme Court has declined to extend *Bivens* to claims of First Amendment violations by federal employers, *Bush v. Lucas*, 462 U.S. 367 (1983), and due process violations stemming from wrongful denials of Social Security disability benefits, *Schweiker v. Chilicky*, 487 U.S. 412 (1988).

Cautioning that a "freestanding damages remedy for a claimed constitutional violation . . . is not an automatic entitlement," the Supreme Court has articulated a two-step test for determining whether to recognize a *Bivens* remedy. *Wilkie v. Robbins*, 551

U.S. 537, 550 (2007). First, the Court determines whether there is "any alternative, existing process for protecting the interest[.]" *Id.* "Such an alternative remedy would raise the inference that Congress 'expected the Judiciary to stay its *Bivens* hand[.]'" *W. Radio Servs.*, 578 F.3d at 1120 (quoting *Wilkie*, 551 U.S. at 554.) This is true even if the alternative process does not afford complete relief; "[s]o long as the plaintiff ha[s] an avenue for some redress, bedrock principles of separation of powers foreclose[] judicial imposition of a new substantive liability." *Corr. Servs. Corp.*, 534 U.S. at 69. If the Court finds "that Congress intended a statutory remedial scheme to take the place of a judge-made remedy," the inquiry ends. *See W. Radio Servs.*, 578 F.3d at 1120. If the Court cannot draw this inference, it moves to step two and "asks whether there nevertheless are 'factors counseling hesitation' before devising such an implied right of action." *Id.* (quoting *Wilkie*, 551 U.S. at 550).

Here, Plaintiff's *Bivens* claim appears to be based on alleged discrimination related to his military service. But USERRA provides an alternative remedial system for addressing this sort of claim, the availability of which forecloses the Court from implying a cause of action under *Bivens*. The claim is dismissed.

**IV.   FOIA**

Subject to exceptions, FOIA offers a procedure for the public to gain access to government records. *See Windom v. Drug Enf't Agency*, No. 20-CV-02431-JCS, 2020 WL 3791643, at *2-3 (N.D. Cal. July 7, 2020). A person may seek relief in district court from the denial of a FOIA request, but only after exhausting his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986). Moreover, once in district court, the plaintiff must plead sufficient facts identifying the FOIA requests at issue and when and how the defendant(s) responded, and showing that he exhausted administrative remedies. *See Windom*, 2020 WL 3791643, at *3.

Plaintiff has not met this minimal pleading burden. He alleges only that the defendant agency "redacts/denies material re: FOIA-PA exceptions." (Doc. 57 at 4-5.) He fails to plead the content of his FOIA requests, when or how the defendant agency

responded, or that he exhausted his administrative remedies as to these requests. Accordingly, his FOIA claim is dismissed.

## V. Privacy Act

Lastly, Plaintiff alleges a Privacy Act claim against Defendant Cheri Oz. But individual agency employees are not proper defendants under the Privacy Act. *See* 5 U.S.C. § 552a(g)(1); *Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir.1999) ("[T]he private right of civil action created by the Privacy Act ... is specifically limited to actions against agencies of the United States Government." (quotation and citations omitted)). This claim is dismissed.

## VI. Leave to Amend

Ordinarily, leave to amend should be given freely. Fed. R. Civ. P. 15(a)(2). But the Court may deny leave to amend if it finds bad faith, undue delay, prejudice to the opposing party, and/or futility, or if the plaintiff has previously amended his complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, the Court denies leave to amend. Many of the defects identified in this order go to subject-matter jurisdiction and therefore are unlikely to be curable by further amendment. What's more, Plaintiff already has amended his complaint twice in this action (Docs. 6, 57), and this is his fourth federal lawsuit raising claims related to his "constructive discharge." By now, Plaintiff has had ample opportunity to plead whatever claims he believes he has. The Court finds further amendment is likely to be futile and will serve only to needlessly prolong this serial litigation.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 62) is **GRANTED**. The Clerk of the Court is directed to terminate all remaining motions as moot and close this case.

Dated this 29th day of September, 2023.

Douglas L. Rayes
United States District Judge